UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

PAULETTA WIRTHWEIN                                                           PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:19-CV-335-JRW-CHL

PORTFOLIO RECOVERY
ASSOCIATES, INC, et al.                                                      DEFENDANTS

## ORDER OF DISMISSAL WITH PREJUDICE

The Court **DISMISSES** Pauletta Wirthwein's Complaint **with prejudice**.

## OPINION

The Court ordered Pauletta Wirthwein to file a status report on whether Verizon Wireless Services, LLC had been served.[1] Wirthwein's deadline was September 23, 2019.[2] Although Wirthwein said she was negotiating a settlement with Verizon, she didn't say whether Verizon had been served, as the order required.[3]

The Court gave Wirthwein a second chance to say whether Verizon had been served.[4] Wirthwein's extended deadline was October 31, 2019.[5] Wirthwein didn't file anything.

The Court gave Wirthwein a third chance to say whether Verizon had been served.[6] Wirthwein's second extended deadline was March 2, 2020.[7] Again, Wirthwein didn't file anything.

---

[1] DN 9.
[2] *Id.*
[3] DN 10.
[4] DN 13.
[5] *Id.*
[6] DN 15.
[7] *Id.*

Wirthwein hasn't filed anything in this case since September 23, 2019 when she dismissed the claims against Portfolio and Equifax and responded to the Court's September 11 Show Cause Order.[8] Instead, Wirthwein violated 3 court orders, twice disregarding the magistrate judge's generous extensions. The Court is well within its discretion to *sua sponte* dismiss Wirthwein's Complaint for her repeated disobedience of its orders and for failing to prosecute this action.[9] This is a "clear record of delay or contumacious conduct" warranting dismissal with prejudice.[10]

The Court considered giving Wirthwein notice that dismissal with prejudice was on the table, even though prior notice was unnecessary due to Wirthwein's clear record of contumacious conduct.[11] But, giving Wirthwein notice would be an exercise in futility. A lesser sanction would also be an exercise in futility. Wirthwein abandoned her obligations to this Court. She has given the Court no reason to think she will suddenly decide to participate in this action, and every reason to think she will continue to disregard its Orders. Dismissing the Complaint with prejudice for disobeying 3 court orders and failing to prosecute is appropriate, notwithstanding any lack of prior notice.

*Justin R. Walker*

Justin R Walker, District Judge
United States District Court

4/3/2020

---

[8] DNs 10, 11, & 12.
[9] Fed. R. Civ. P. 41(b); Fed. R. Civ. P. 16(f)(1)(C).
[10] *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).
[11] *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988) prior notice is not required when the "derelict party has engaged in bad faith or contumacious conduct") (internal quotation marks omitted).